IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRUCE PAIGE; MALANA PAIGE; AND PULSE BEVERAGE HAWAII, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE PULSE BEVERAGE CORPORATION; DONALD BRUCE HORTON; AND ROBERT E. YATES (aka ROBERT EDWARD YATES); AND JOHN DOE 1, JOHN DOE 2, AND JANE DOE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. No. 16-00090 ACK-RLP |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND

For the reasons set forth below, the Court GRANTS Defendants' Motion to Strike and Defendants' Motion to Dismiss WITHOUT PREJUDICE and WITH LEAVE TO AMEND.

### PROCEDURAL BACKGROUND

On February 29, 2016, Plaintiffs Bruce Paige and Malana Paige ("Plaintiffs") filed a Complaint against Defendants The Pulse Beverage Corporation ("Pulse"), Donald Bruce Horton, and Robert E. Yates, and three unknown individuals ("Defendants"). Compl. ECF No. 1.  On May 20, 2016, before Defendants filed any responsive pleading, Plaintiffs filed an ex parte application seeking leave to add Pulse Beverage Hawaii, Inc. as a plaintiff and to extend the time for serving process by 90 days.  ECF No.

8.  The Court granted leave to file an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a) because the original complaint had not been served and found good cause to grant Plaintiffs' request to extend the time for service under Rule 4(m) until August 22, 2016.  ECF No. 13.

Plaintiffs filed their First Amended Complaint on August 20, 2016, and on the same day filed another ex parte application to further amend their complaint and extend the time for serving process by 90 days.  ECF Nos. 14, 17.  The Court granted leave to further amend their complaint under Rule 15(a)(2) and again found good cause to extend the time for service until November 21, 2016.  ECF No. 18.

Plaintiffs filed their Second Amended Complaint, which spans approximately 80 pages and consists of three separate parts, along with three separate sets of attachments supporting the complaint, on October 9, 2016.  ECF Nos. 19-24.

On November 29, 2016, Defendants filed a Motion to Dismiss the Second Amended Complaint.  ECF No. 20.  Plaintiffs did not file an opposition.  However, on December 22, 2016, Plaintiffs filed a Third Amended Complaint, which spans approximately 125 pages and incorporates by reference the three attachments filed with the Second Amended Complaint.  ECF No. 36 & ¶ 6.  Defendants filed their Reply in support of their Motion to Dismiss on January 3, 2017.  ECF No. 37.  Defendants have stated that

Plaintiffs did not request consent for filing the Third Amended Complaint.  ECF No. 38-2, ¶ 5 (Schmitt Declaration). Additionally, Defendants filed a Motion to Strike the Third Amended Complaint on January 4, 2017.  ECF No. 38.

Plaintiffs filed a response to these motions on January 13, 2017.[1/]  ECF No. 43.  The motion is styled as a Motion to Dismiss Defendants' Motion to Dismiss, but Plaintiffs purport to (1) oppose the Motion to Dismiss and seek an order declaring that the Defendants were properly served with the Second Amended Complaint; and (2) oppose the Motion to Strike, seek leave to extend the time for filing the Third Amended Complaint, and seek an order declaring that the Defendants were properly served with the Third Amended Complaint.[2/]  Id.

The Court held a hearing regarding the Motion to Dismiss and the Motion to Strike on Tuesday, January 17, 2017 at which Plaintiffs and counsel for Defendants appeared.

---

[1/] The opposition to the Motion to Strike was due on January 12, 2017.  Plaintiffs filed at approximately 1:00 a.m. on January 13.

[2/]This Court will treat Plaintiffs' motion as an opposition rather than a separate Motion to Dismiss, and has addressed in this Order the issues raised in Plaintiffs' brief.

**FACTUAL BACKGROUND**[3/]

## I. Overview of the Case

Plaintiffs allege violations of the Securities Act of 1933, the Securities Exchange Act of 1934, Hawaii's Uniform Securities Act, and various other state law claims, in connection with losses suffered on a stock deal and master distributorship agreement. Plaintiffs invested a significant amount of their savings in Pulse on the basis of representations made by defendant Bruce Horton, the Chairman of the Pulse Advisory Board during the relevant time period and a family friend of plaintiff Bruce Paige, about how much money Plaintiffs would make. Second Am. Compl., Section IV, ¶¶ 3, 8; Section II, ¶¶ 9-14, 19, 44.

As part of the investment, Plaintiffs also discussed the possibility of a Master Distributorship Agreement for the Pulse product line in Hawaii, which Mr. Horton assured them could be "more or less" worked into the Subscription Agreement for purchasing stock and for which they would have sufficient capital from the stock offering. Id., Section IV, ¶¶ 16, 21. However, the stock price fell drastically, at least in part because Francis Chiew, a Pulse director, caused substantial downward pressure on the market by selling a significant number of shares

---

[3/] The facts as recited in this Order are for the purpose of disposing of the current motions and are not to be construed as findings of fact that the parties may rely on in future proceedings.

wholesale; and due to issues related to a hold on the stock, Plaintiffs were unable to sell. Id. ¶¶ 28-31.

The main thrust of Plaintiffs' complaint appears to be that Defendants improperly obtained an exemption from SEC registration requirements for the sale of securities by omitting material information about whether Plaintiffs were qualified investors for purposes of that exemption. Id. ¶¶ 25-26, 77. Plaintiffs also appear to allege that Plaintiffs relied on Defendants' representations that the investments would yield sufficient capital to fund the business and that Defendants breached the distribution agreement in various ways, both of which caused the distributorship to fail. Id. ¶¶ 33-38.

## II. <u>Service of Process</u>

### A. <u>Second Amended Complaint</u>

Plaintiffs attempted to serve Mr. Yates and Pulse with the Second Amended Complaint on November 8, 2016. See ECF Nos. 27, 28. On December 1, 2016, Plaintiffs filed the process server's affidavits stating that the summons, complaint, and related documents were personally given to a person who identified himself as Robert Yates, Pulse's president, at its executive offices in Colorado, along with a picture purporting to show Mr. Yates holding a box containing those documents. ECF Nos. 27, 28. According to the process server's search of the Registry of the Secretary of State for Colorado, Robert Yates was the Registered

5

Agent for service for Pulse.  ECF No. 28.

On November 8, 2016 Plaintiffs attempted to serve Mr. Horton through Mr. Yates at Pulse's Colorado office, under Colorado law as Mr. Horton's "supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent" or as a person authorized to receive service of process.  ECF No. 29.  Plaintiffs filed the process server's affidavit describing service on Mr. Yates, as detailed above, on December 1, 2016. Id.  Plaintiffs also attempted to personally serve Mr. Horton at his residence in British Columbia, Canada on seven separate occasions between November 5, 2016 and November 20, 2016.  ECF No. 30.  However, personal service was unsuccessful.  Id.

Mr. Yates provided a declaration stating that on November 8, 2016, a person purporting to be a process server brought three boxes to Pulse's offices in an attempt to serve the Second Amended Complaint.  ECF No. 20-2, ¶ 4 (Declaration of Robert E. Yates).  Mr. Yates states that he explained his name was Robert Yates, but when he inquired what was in the boxes, the purported process server stated he would have to open the boxes to find out.  Id., ¶¶ 5-6.  Mr. Yates also states the boxes were left in Pulse's lobby and that no one from Pulse signed for them.  Id., ¶¶ 7-8.

Mr. Horton also provided a declaration stating that he has no authority with respect to the management of Pulse, as a member of Pulse's Advisory board, and he is neither an agent nor a principal of Pulse.  ECF No. 20-3, ¶¶ 3-4 (Declaration of Donald Bruce Horton).  He further states that he resides in British Columbia, Canada, and was not present at Pulse's offices in Colorado on November 8, 2016.  Id., ¶¶ 5-6.

B. Third Amended Complaint

Plaintiffs attempted to serve the Third Amended Complaint by personally delivering it to Defendants' attorneys, but personal service was refused.  ECF No. 35.  Defendants' attorneys have declared that they lacked authority to accept service of pleadings on behalf of the Defendants.  ECF No. 37-1, ¶ 6 (Declaration of Jessica M. Wan).

Plaintiffs also served the Third Amended Complaint on Ty Nohara as the Securities Commissioner for Hawaii pursuant to Hawaii Rev. Stat. § 485A-610(b), which service was acknowledged on behalf of the Commissioner on December 23, 2016.[4/]  ECF No. 41.  Plaintiffs have filed additional documents related to service on the Commissioner since that time.  See ECF Nos. 40, 41, 42.

---

[4/] Plaintiffs' Third Amended Complaint contains allegations that because of the alleged violations of the Hawaii Securities Laws, the Commissioner is deemed to be Defendants' agent for service and that Plaintiffs have properly served the Commissioner.  ECF No. 36, ¶¶ 11-13.

**STANDARD**

**I. Motion to Dismiss**

Defendants moved to dismiss on three bases: Federal Rule of Civil Procedure 8, Local Rules 10.2 and 11.1, and Federal Rule of Civil Procedure 12(b)(5).

A. Short and Plain Statement of the Case Under Rule 8

Rule 8 provides that a claim for relief should set out "a short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). "[A]verments [should] 'be simple, concise, and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (citing Fed. R. Civ. P. 8(e)). A court may dismiss a complaint for failure to comply with Rule 8 "where it fails to provide the defendants with fair notice of the wrongs they have allegedly committed." Okawaki v. First Hawaiian Bank, Civ. No. 16-00232, DKW-KSC, at *2 (D. Haw. May 16, 2016) (finding allegations to be "rambling, incoherent, and utterly failed to state any sort of claim" and "so verbose, confusing, and disorganized, that the Court and parties would need to guess at its substance, such that dismissal is appropriate on this basis") (citing McHenry at 1178-80).

Although "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)," Hearns v. San

Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008),

"[p]rolix, confusing complaints...impose unfair burdens on

litigants and judges." McHenry, 84 F.3d at 1179.  In such cases,

the court and opposing counsel cannot use the complaint as filed,

and their differing understandings of the complaint may present

risks "that plaintiffs will surprise [opposing counsel] with

something new at trial which they reasonably did not understand

to be in the case at all, and that res judicata effects of

settlement or judgment will be different from what they

reasonably expected." Id. at 1180.  "The rights of the

defendants to be free from costly and harassing litigation must

be considered." Id. (internal quotation and citation omitted).

B. Form of Filing Under Local Rule 10.2

Local Rule 10.2 specifies the requirements for form of

filings, including, as relevant here, one-inch margins, 14-point

font, and double-spacing.  LR 10.2.  It also allows matters to be

stricken if they do not comply with the Rule. Id.  In addition,

Local Rule 11.1 allows for the imposition of sanctions, including

a fine, dismissal, or other appropriate means, for failure to

comply with any provision of the rules.  LR 11.1.

C. Service of Process Under Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) allows a defendant

to move for dismissal for insufficient service of process. Song

v. KBOS, Inc., Civ. No. 15-00094 ACK-RLP, 2015 WL 5162556, at *2

(D. Haw. Aug. 31, 2015).  The burden is on the party claiming proper service to establish it is valid.  Id.  To determine whether service of process was proper, courts look to the requirements of Federal Rule of Civil Procedure 4.  Id.  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," but "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4."  Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1989) (internal quotation and citation omitted).  In addition, unless service is waived, proof of service must be made to the Court, and such proof must be by the server's affidavit, unless service is made by a U.S. marshal or deputy marshal.  Fed. R. Civ. P. 4(l)(1).

## I. **Motion to Strike**

Federal Rule of Civil Procedure 15(a)(1) governs when pleadings may be amended.  A plaintiff may amend a pleading once as a matter of course either within 21 days of service of process or, if a responsive pleading is required, within 21 days after service of the responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier.  Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1007-08 (9th Cir. 2015); Fed. R. Civ. P. 15(a)(1).  "[A] plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found

10

within 15(a)(1) and 15(a)(2)." <u>Id.</u>

However, "[a]fter a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003); <u>see also</u> <u>Hoilien v. OneWest Bank, FSB</u>, No. CV. 11-00357-DAE-RLP, 2012 WL 1379318, at *2-3 (D. Haw. Apr. 20, 2012) (where "a party has already amended its pleading once as a matter of course, any subsequent amendment is permitted only with the opposing party's consent or the court's leave") (internal citation and quotation omitted).  "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be freely given.'" <u>Eminence</u>, 316 F.3d at 1052 (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)); Fed. R. Civ. P. 15(a)(2).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." <u>Eminence</u>, 316 F.3d at 1052.

## <u>DISCUSSION</u>

Defendants have two motions before the Court: a Motion to Dismiss the Second Amended Complaint and a Motion to Strike the

Third Amended Complaint.   The Court will address each in turn.

## II. __Motion to Dismiss__

In their Motion to Dismiss, Defendants seek dismissal of the Second Amended Complaint with prejudice on three grounds.   ECF No. 20.   First, Defendants assert that they are entitled to dismissal for violating Rule 8's requirement of a short and plain statement of the case.   Second, Defendants assert they are entitled to dismissal as a sanction for failure to comply with Local Rule 10.2 governing the form of filing.   Third, Defendants assert they are entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) because the complaint was never properly served.   The Court addresses each argument in turn.

The Court also notes that Plaintiffs' opposition to the Motion to Dismiss was due on December 20, 2016, as Defendants' Motion to Dismiss was filed on November 29, 2016,  ECF No. 20, and Plaintiffs' response is therefore over three weeks late. Plaintiffs did not seek leave of Court for their late filing nor have they purported to offer any justification.   The Court will nevertheless consider the opposition; however, the Court cautions Plaintiff to comply with the rules surrounding motions practice and that further violations may result in sanctions, including dismissal.   See __Song__, 2015 WL 5162556, at *1 n.3.

### A. __Short and Plain Statement of the Case Under Rule 8__

Defendants seek to dismiss Plaintiffs' Second Amended

Complaint for violating the requirement under Federal Rule of Civil Procedure 8 for a "short and plain statement of the case." ECF No. 20 at 3.

In McHenry, the Ninth Circuit affirmed a dismissal of a complaint that "consist[ed] largely of immaterial background information" and "[d]espite all the pages, requiring a great deal of time for perusal, one [could not] determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Id. at 1178.  Similarly, the Ninth Circuit affirmed dismissal of a 733-page pleading that, "[r]ather than straightforwardly stating [the plaintiffs'] claims and allegations...would burden her adversary with the onerous task of combing through a 733-page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).  And in Okawaki, the district court dismissed a complaint where "[e]ven given the most liberal construction possible, the allegations in the Complaint are rambling, incoherent, and utterly fail to state any sort of claim against any defendant."  2016 WL 2858779, at *2.  The complaint failed to provide fair notice of the alleged wrongs and was "so verbose, confusing, and disorganized, that the Court and parties would need to guess at its substance, such that dismissal [was]

13

appropriate on this basis." Id.

By contrast, the Ninth Circuit has reversed dismissal under Rule 8 where the complaint included a factual section that was over 50 pages, inserted entire email exchanges into the complaint, and contained some apparently irrelevant material. Hearns, 530 F.3d at 1135 (Kleinfeld, J., concurring in part and dissenting in part). However, the Ninth Circuit ultimately concluded that while the complaint "set out more factual detail than necessary," it was "logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis therefor" and as such "the Defendants should have no difficulty in responding to the claims...." Id., 530 F.3d at 1132 (majority op.).

Bruce and Malana Paige have asserted that they are representing themselves *pro se* in this matter. "Courts have a duty to construe *pro se* pleadings liberally, including pro se motions as well as complaints." Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003). However, Mr. Paige is a member of the Hawaii bar, a fact on which the magistrate judge relied in allowing him to represent the corporate plaintiff, Pulse Beverage Hawaii, in this action. ECF No. 13; see also LR 83.11 (business entities cannot appear before this court *pro se* and must be represented by an attorney). As Mr. Paige is a

14

licensed attorney currently appearing on behalf of the corporate plaintiff, Plaintiffs' Complaint is not entitled to the liberal construction generally due *pro se* plaintiffs.[5]

Here, Plaintiffs' Second Amended Complaint alleges eight causes of action over approximately 80 pages.  ECF No. 18.  The complaint appears to be at times repetitive and contains more factual detail than is necessary at this stage to put Defendants on notice of the claims.  Although the paragraphs are numbered, the numbering is not consecutive, and appears to restart at number one on pages 60 and 65.  The subdivisions within the complaint sections are inconsistently identified.  Many of the paragraphs in the complaint are lengthy.  Section IV, paragraph 6 itself is almost 3 pages and contains numerous sub-parts.  Also, the complaint quotes extensively from the securities laws.  See, e.g., Compl., Section III, § 77.  In addition, the complaint cross-references the attachments and contains track changes, in addition to both red and black typeface, throughout.

---

[5]Some courts in this circuit have also declined "to extend the special leniency reserved for those unskilled in law to cover attorneys representing themselves" as "pro se litigants are distinguished by their lack of familiarity with legal technicalities."  See Weber v. Gorenfeld, 928 F.2d 409, at *5 (9th Cir. 1991) (unpublished table decision) (internal citation and quotation omitted); see also Burns v. Burns Rhine, Case No. 15-cv-02329, 2016 WL 6679807, at *2 (N.D. Cal. Nov. 14, 2016) (citing Weber); Crockett v. City of Hermosa Beach, No. CV-11-9789, 2012 WL 1694452, at *4 (C.D. Cal. Apr. 16, 2012) (same).  However, though Mr. Paige is a licensed attorney, the Court will not refuse Plaintiffs a liberal construction of their Complaint on this basis.

Plaintiffs have provided no authority for their assertion that the Second Amended Complaint "meets the minimum standards" of Rule 8, and the Court has been unable to discern how the Third Amended Complaint "improved upon its predecessor" in terms of its "conciseness" when it has grown longer by 40 pages.  See ECF No. 43 at 8.  Contrary to Plaintiffs' assertion that the complaint is a "reasonably modest and clear statement of claim", id., the complaint is difficult to parse and will be quite burdensome for Defendants to answer such that dismissal is appropriate.

However, dismissal with prejudice is a harsh remedy. Hearns, 530 F.3d at 1132.  The Ninth Circuit has directed district courts to "weigh[] possible alternatives against the consequences of dismissal with prejudice," such as whether public policy favors resolution on the merits.  Id.  Plaintiffs have noted they have already attempted to rectify some of the formatting issues in their Third Amended Complaint.  ECF No. 43 at 3.  And from what this Court has been able to discern from the Second Amended Complaint, Plaintiffs may have plausible claims and should be given a chance to have their plainly stated claims resolved on the merits.

This Court will therefore GRANT Defendant's Motion to Dismiss WITHOUT PREJUDICE and WITH LEAVE TO AMEND.  Counsel for Plaintiffs should take this opportunity to continue to refine the complaint so that it complies with the requirements of Rule 8.

B. <u>Form of Filing under Local Rule 10.2</u>

Defendants also seek to dismiss Plaintiffs' Second Amended Complaint for failure to comply with Local Rule 10.2, which governs the form of filing.  ECF No. 20-1 at 7.  Plaintiffs' Second Amended Complaint does not appear to strictly comply with Local Rule 10.2, as the margins do not appear to be one-inch throughout nor does the text appear to be in 14-point font or double-spaced.  <u>See</u> LR 10.2; ECF No. 19.  However, while Defendants are correct that the Court has the power to sanction under Local Rule 11.1 for failure to comply with the Rules, dismissal with prejudice is not a sanction proportionate with the offense.  <u>See</u> <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1480 (9th Cir. 1989) ("[A]ny sanction imposed must be proportionate to the offense and commensurate with the principles of restraint and dignity inherent in judicial power.").  Indeed, Local Rule 10.2 itself counsels that the appropriate remedy is to strike the filing in question, not to dismiss it.  LR 10.2.  Plaintiffs have also tried to rectify some of the formatting issues in their Third Amended Complaint.  ECF No. 43 at 3.

However, because the Court will grant Defendants' Motion to Dismiss with leave to amend on the basis of Rule 8, dismissing or striking the Second Amended Complaint on the basis of Local Rules 10.2 and 11.1 is moot.

C. <u>Service of Process</u>

Finally, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(5).  ECF No. 20 at 8.  While the Court does not need to reach this issue, given its dismissal based on Rule 8, it finds that, based on the service of process issues raised with the Second and Third Amended Complaints, a brief discussion of service of process is warranted.

"Under Rule 12(b)(5), the Court is empowered to dismiss a case if service of process is insufficient.  The burden is on the party claiming proper service to establish valid service." <u>Song v. KBOS, Inc.</u>, Civ. No. 15-00094 ACK-RLP, 2015 WL 5162556, at *2 (D. Haw. Aug. 31, 2015) (citing <u>Taniguchi v. Native Hawaiian Office of Atty. Gen.</u>, Civ. No. 09-001117, 2009 WL 1404731, at *2)).

To determine whether service of process was sufficient, courts look to the requirements of Federal Rule of Civil Procedure 4.  <u>Id.</u>  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," but "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir. 1986)(internal quotation and citation omitted).  Proof of service of process must be provided to the Court by the server's affidavit, unless service is waived.  Fed.

R. Civ. P. 4(l).

Rule 4 specifies the various methods of service of process of individuals and business entities and provides for waiver of service of process.  Fed. R. Civ. P. 4.  All parties would do well to observe Rule 4's provisions regarding waiver of service. Fed. R. Civ. P. 4(d).  The Rule specifies the process Plaintiffs must use to request waiver of service.  Fed. R. Civ. P. 4(d)(1). It also cautions that "[i]ndividuals subject to service under Rule 4(e), (f), or (h) have a duty to avoid unnecessary expenses of servicing summons." Fed. R. Civ. P. 4(d)(1).  If a plaintiff files a waiver, proof of service is not required.  Fed. R. Civ. P. 4(d)(4).

Setting aside waiver, any service attempted on Mr. Yates, Pulse, and Mr. Horton in Colorado would implicate both Hawaii and Colorado law, in addition to the procedures set forth in Rule 4. Fed. R. Civ. P. 4(e), (h).  Also, in certain circumstances, personal service on a defendant may be effected where the defendant refuses to take physical possession of the documents by leaving them in his vicinity.   See, e.g., Song, 2015 WL 5162556, at *2 (holding service of process sufficient where the agent refused to take the documents and the sheriff left them on a nearby counter); see also Travelers Cas. & Sur. Co. v. Brenneke, 551 F.3d 1132, 1135-36 (9th Cir. 2009) ("Sufficient service may be found where there is a good faith effort to comply

with the requirements of Rule 4(e)(2) which has resulted in
placement of the summons and complaint within the defendant's
immediate proximity and further compliance with Rule 4(e)(2) is
only prevented by the defendant's knowing and intentional actions
to evade service.").

In addition, as Plaintiffs have noted, Colorado Rule of
Civil Procedure 4(e)(1) may allow service on Mr. Horton at
Pulse's Colorado office.  ECF No. 43 at 6.  This rule allows for
personal service to be made upon an individual by leaving a copy
"at the person's usual workplace with the person's supervisor,
secretary, administrative assistant, bookkeeper, human resources
representative or managing agent; or by delivering a copy to the
person authorized by appointment or by law to receive service of
process."[6]   Colo. R. Civ. P. 4(e)(1).  The Colorado Supreme
Court appears to interpret the service requirements liberally and
has noted that this provision is meant "to expand and modify the
methods of service," and the key is delivery to someone "who will
feel a genuine obligation to deliver the process."  <u>Goodman</u>

---

[6]This Court has found no authority defining a "usual
workplace" under Colorado law.  Mr. Horton has denied authority
regarding and fiduciary responsibilities to Pulse.  ECF No. 20-3,
¶ 3.  However, Plaintiffs assert that there is an email
purporting to show that Mr. Yates and Mr. Horton "ma[de] all the
decisions for [Pulse]. ECF No. 43-2 ¶ 12 (Declaration of Malana
Paige).  This Court has not received a copy of that email.
Nevertheless, given Mr. Horton's apparent involvement in Pulse's
business and the Colorado Supreme Court's liberal construction of
CRCP 4(e)(1), service at Pulse's offices in Colorado may qualify
as Mr. Horton's usual workplace.

Assocs., LLC v. WP Mountain Props., LLC, 222 P.3d 310, 316 (Colo. 2010) (quoting Richard P Holme, *2006 Amendments to the Civil Rules: Modernization, New Math, and Polishing*, 35 Colo. Law. 21 (May 2006)).

Plaintiffs also attempted to serve Mr. Horton at his residence in Canada.  ECF No. 30.  To serve an individual in a foreign country, Rule 4(f) provides that service should be conducted according to an internally agreed means of service, such as those authorized by the Hague Convention.  Fed. R. Civ. P. 4(f)(1).  Both the United States and Canada appear to be signatories to the Hague Convention.[7/]  In addition, the international agreement may allow but not specify other means of service, in which case service may be effected by, *inter alia*, the foreign country's law for service in that country.  Fed. R. Civ. P. 4(f)(2)(A).

Plaintiffs have also asserted that they were obligated to serve counsel for Defendants under Rule 5.  ECF No. 43 at 14. Rule 5(b)(1) applies to pleadings "filed after the original complaint."  See Fed. R. Civ. P. 5(a)(1)(B).  Plaintiffs must comply with Rule 4 for any Defendants not yet properly served; after proper service, they must serve them according to Rule 5. See McNealy v. Becnel, No. 14-2181, 2015 WL 3466010, at *3 n.40

---

[7/]https://www.hcch.net/en/instruments/conventions/full-text/?cid= 17 (last accessed Jan. 12, 2017).

(E.D. La. May 29, 2015).

When Plaintiffs file and serve their next amended complaint, all parties should take care to comply with all applicable Rules, regardless of whether the Court has specifically discussed them herein.  Future violations of the Rules may result in sanctions, including fines, the striking of filings, and/or dismissal.[8]  To the extent that any service of process issues remain after Plaintiffs serve their amended complaint, the Court will address them at that time.

## II. **Motion to Strike**

Defendants seek to strike Plaintiffs' Third Amended Complaint for failure to obtain Defendants' consent or leave of the Court.  ECF No. 38.  Plaintiffs have argued that they were entitled to amend, and in the alternative for leave to amend. ECF No. 43 at 12-14.[9]

_____

[8]The Court additionally notes that Plaintiffs' Third Amended Complaint incorporates by reference the three sets of attachments filed with the Second Amended Complaint.  Local Rule 10.3 prohibits incorporating any part of a prior pleading by reference, except with leave of court.  LR 10.3.

[9]Plaintiffs also seek to dismiss the Motion to Strike because, as it was only served electronically, Malana Paige was not properly served as she does not receive electronic filings. ECF No. 43 at 11-12.  Plaintiffs also half-heartedly make the same argument for Bruce Paige, though they admit he was served electronically as counsel for the corporate plaintiff.  Id.  The Court notes that both Malana and Bruce Paige appear to have received actual notice of the filing, as they have signed the substantive response.  Regardless, this Court has the power to sua sponte strike the complaint if it was not filed in accordance with Rule 15, as Defendants assert.

22

Federal Rule of Civil Procedure 15(a) only permits Plaintiffs to file an amended complaint as a matter of course once.  Fed. R. Civ. P. 15(a)(1)(A).  Plaintiffs have already used their one matter of course amendment by filing their First Amended Complaint, as noted by the magistrate judge.  ECF No. 13. Defendants' Motion to Dismiss does not provide Plaintiffs with another matter of course amendment.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) ("After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party."); see also Hoilien v. OneWest Bank, FSB, No. CV. 11-00357 DAE-RLP, 2012 WL 1379318, at *2-3 (D. Haw. Apr. 20, 2012) (where "a party has already amended its pleading once as a matter of course, any subsequent amendment is permitted "only with the opposing party's consent or the court's leave."). Because Plaintiffs may not amend as a matter of course, this Court does not need to address their arguments regarding the timeliness of the amendment.  ECF No. 43 at 13.

Plaintiffs must thus seek consent or leave for any subsequent amendments.  Plaintiffs did not seek consent to file, ECF No. 38-2, ¶ 5, and only asked for leave of Court belatedly weeks after filing.  ECF No. 43.  There is little prejudice to the opposing party from allowing leave to amend, especially in light of the Court's decision to allow amendment on the basis of

Rule 8 as discussed above.  <u>See</u> <u>Eminence</u>, 316 F.3d at 1052.

However, Plaintiffs should take care to file a properly presented

complaint as repeated failure to correct deficiencies may be a

basis for denying future amendments.  <u>See</u> <u>id.</u>

The Court therefore GRANTS Defendant's Motion to Strike the

Third Amended Complaint and GRANTS Plaintiffs' Motion for Leave

to Amend.  The Court has already discussed service of process

above and declines to further address the particular issues

raised regarding the Third Amended Complaint.  ECF No. 37 at 4-5;

ECF No. 43 at 14.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Defendants'

Motion to Strike the Third Amended Complaint and Defendants'

Motion to Dismiss the Second Amended Complaint WITHOUT PREJUDICE

and WITH LEAVE TO AMEND.

In addition, Plaintiffs indicated during the hearing that

they are amenable to pro bono representation to assist them in

this matter.  The Court intends to appoint pro bono

representation for Plaintiffs and will enter a separate order of

referral to the Civil Pro Bono Panel.  <u>See</u> Rule 3(A), Rules for

the Civil Pro Bono Panel for The United States District Court for

the District of Hawaii (allowing for the presiding judge to whom

a civil case is assigned to *sua sponte* indicate his intention to

appoint an attorney to represent a pro se litigant).  The Court

therefore orders that this matter be STAYED until pro bono
counsel is appointed, at which time this Court will set a
deadline for Plaintiffs to file their next amended complaint.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, January 19, 2017.



Alan C. Kay
Sr. United States District Judge

Paige, et al. v. The Pulse Beverage Corporation, et al., Civ. No. 16-00090
ACK-RLP, Order Granting Defendants' Motion to Dismiss and Motion to Strike
Without Prejudice and With Leave to Amend.